DOWNEY, Judge.
Appellant, Marrouche, and appellee, Ho-masey, purchased a condominium for $160,-000, with each contributing $20,000 cash and the seller taking back a mortgage for $120,000. Title was taken in appellee’s name alone. Appellee contends that appellant did not pay his share of the ongoing condominium expenses, causing appellee to threaten to sell the property and retain all of the proceeds. Whereupon, appellant filed a complaint to impose a constructive trust upon the real property. Appellee filed an answer and counterclaim seeking 1) a partition sale and equitable distribution of the proceeds thereof, and 2) damages for breach of contract for the expenses owed by appellant.
Appellee filed a motion for partial summary judgment, alleging that a contract for purchase and sale of the property for $160,-000 was pending with Raymond and Barbara Hanna, that it was in the best interests of the parties that the property be partitioned and sold to them for that price, which was more money than the property would bring in a regular partition sale. Appellee prayed for the court to order a partition sale, order the funds from the sale deposited in the registry of the court, and order an accounting, giving appellee credit for the various amounts paid in the acquisition, maintenance and improvement of the property, so the court could make a determination of the parties’ respective interests in the proceeds of the sale and make an equitable distribution. Appellee also requested an award of attorney’s fees and costs pursuant to section 64.081, Florida Statutes (1987).
Appellant’s attorney filed a response to the summary judgment motion, alleging that appellant was a resident of West Bier-ut, Lebanon, and because of the fighting there and the airport’s being closed, appellant was unable to send any affidavit for use in the proceedings. Appellant also contended that, since appellee had sole possession of the property and appellant never had access to or use thereof, appellant should not be liable for the condominium expenses.
After the cause had been set for a non-jury trial, but prior to trial, an “Agreed Order” was entered, finding that the parties jointly owned the condominium as tenants in common and it was not susceptible of division without substantially impairing the value of the parties’ respective interests therein. It was ordered that appel-lee’s motion for partial summary judgment was denied and that, pursuant to agreement of the parties, the property was to be sold at a partition sale at the county courthouse. Further, the parties were entitled to bid at the partition sale and receive credit for their respective ownership interests of fifty percent on any bids either party should make. The proceeds of the partition sale were to be deposited in the registry of the court subject to the court’s later determination and adjudication as to the accounting between the parties and of the parties’ respective rights to the proceeds of the sale. The court also reserved jurisdiction to later adjudicate the action for accounting and to award reasonable attorneys’ fees and costs prior to the distribution of any sums to which the parties might otherwise be entitled.
*94 Thereafter, appellee caused to be published a “Notice of Foreclosure Sale.” Appellee was the sole bidder at the sale, with a bid of $100, and he obtained a certificate of sale, to which appellant objected. Appellant objected to the sale on the ground that there was no competitive bidding whatsoever due to the fact that the partition sale was advertised as a foreclosure sale, misleading potential bidders into believing that the existing first mortgage was in default and in the process of being foreclosed. The Objection to Sale stated that the property was worth at least $160,000, as evidenced by the contract of sale referred to in appellee’s motion for partial summary judgment. Further, it was in the interest of both parties that the property be sold for the highest price obtainable at a rescheduled partition sale in which competitive bidding is not discouraged, and that there could be no prejudice to either party by resetting another sale. It was also stated that the existing first mortgage had an approximate balance of $119,000 and was freely assumable at a fixed interest of ten percent per annum, and it was critical to the marketability of the property that potential bidders not be misled that this mortgage was in default and therefore could not be assumed.
The trial court overruled appellant’s objections and an appeal therefrom suffered dismissal without prejudice to consideration upon plenary appeal. The case was then set for non-jury trial and, on motion for summary judgment, the trial court entered judgment for appellee for $13,976.56 and retained jurisdiction to tax costs and attorneys’ fees.
For our consideration appellant presents three points on appeal. First, that error was committed in overruling appellant’s objections to the public sale as advertised and conducted, resulting in a grossly inadequate price. Second, that it was error to enter a summary judgment for damages when the agreed order entered by the court provided for a sale, distribution of the proceeds pursuant to an accounting by the parties and for costs and attorneys’ fees. Third, that error was committed in awarding fees and costs while this appeal was pending.
It appears to us that error is demonstrated in the first two points presented. Accordingly, we reverse the judgment appealed from.
We find merit in appellant’s arguments that the sale price was so grossly inadequate that this fact, together with appel-lee’s active participation in the sale process by publishing the ambiguous or misleading notice of sale, and his purchase of the property, with a $40,000 equity, for $100 cries out for equitable relief in the form of a resale of the property.
Furthermore, we hold the court erred in proceeding to trial on matters that appear to depart from the agreed order. In any event, the judgment appealed from should be reversed and, after a new sale of the property, further proceedings should be conducted by the trial court, after settling the pleadings between the parties through the medium of a pretrial conference, so that all concerned will be apprised of the issues to be tried.
Appellant’s contention that the trial court erred in proceeding to adjudicate attorney’s fees and costs cannot be considered because the order thereon was, itself, a final judgment and no appeal was taken therefrom. Appellant’s contentions relative to the trial court’s jurisdiction to consider attorney’s fees and costs at that juncture of the case are misplaced and apply more appropriately to actions of the trial court pending an interlocutory, or non-final, appeal. This was a plenary appeal and the order on attorney’s fees and costs was also a final judgment subject itself to plenary appeal. Furthermore, appellant has a pending motion for attorney’s fees and costs before the trial court, and, if the trial court fails to make an award called for by the partition statute, appellant may file an appeal therefrom.
Accordingly, we reverse the judgment appealed from and remand the cause with directions to vacate the sale and subsequent proceedings relative to the property and proceed once again to a proper public *95 sale and such other proceedings as the court finds proper.
GLICKSTEIN and DELL, JJ., concur.